**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| CHARLES ROBERTS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action. No. SA-11-CA-1119-XR |
| | § | |
| RANDALL HARTMAN AND MOSS | § | |
| TRUCKING, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

On this date, the Court considered Moss Trucking's Motion to Dismiss and Objection to Motion for Default (Docket Entry No. 9). Plaintiff did not file a response. As explained below, the Motion to Dismiss is GRANTED.

### Factual Background

Moss Trucking ("Defendant") is a company located in Purcell, Oklahoma. Moss Trucking hauls and transports rocks and asphalt exclusively within the State of Oklahoma. Charles Roberts ("Plaintiff") brought an action in this Court alleging negligence against Moss Trucking, Inc. in connection with an automobile accident occurring on or about May 27, 2010 between him and a vehicle owned by Moss Trucking and driven by Randall Hartman on state highway 9 in Oklahoma. Roberts contends he suffered physical impairment, physical pain and mental anguish, and loss of wages and earning capacity as a direct and proximate result of Defendant's negligence. He claims damages in excess of $75,000.

### Procedural History

On December 27, 2011, Plaintiff filed his Complaint in this Court alleging  negligence

1

against Moss Trucking, Inc. (Docket No. 1). On May 1, 2012, Plaintiff filed a Motion for Default

Judgment seeking judgment against Moss Trucking Inc. (Docket No. 7). In his motion, Plaintiff

alleges that a summons was served upon Michael Moss as the registered agent of Moss Trucking,

Inc. and the time to answer had expired. Defendant responded on May 14, 2012 by filing a Motion

to Dismiss pursuant to Rule 12(b)(2)-12(b)(6) against Plaintiff. (Docket No. 9).

I.      **Motion to Dismiss for Lack of Personal Jurisdiction**

    *A.      Legal Standard*

Federal Rule of Civil Procedure 12(b)(2) requires that the Court dismiss a claim if the Court

lacks personal jurisdiction over Defendant. FED.R.CIV.P. 12(b)(2). The Court may exercise personal

jurisdiction over the defendant (1) if the defendant is amenable to service under the long-arm statute

of the forum state and (2) if the exercise of personal jurisdiction comports with the notions of fair

play and substantial justice under the due process clause of the Fourteenth Amendment. *J. McIntyre*

*Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787, 180 L. Ed. 2d 765 (2011); *World-Wide Volkswagen*

*Corp. v. Woodson*, 444 U.S. 286, 286, 100 S. Ct. 559, 561, 62 L. Ed. 2d 490 (1980); *International*

*Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). To comport with due

process, the plaintiff must demonstrate either that the defendant's activities in the forum state are

systematic and continuous such that the defendant may be sued there for any claim; or that defendant

purposefully directed activities at the forum state and the claim arose out of those activities. *J.*

*McIntyre*, 131 S. Ct. at 2787. The burden is on the plaintiff to make a prima facie showing that the

Court has personal jurisdiction over the defendant. *See Ham v. LaCienegaMusic Co.*, 4 F.3d 413,

415 (5th Cir.1993); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir.1985). Proof by a

preponderance of the evidence is not required. *International Truck and Engine Corp. v. Quintana,*

259 F.Supp.2d 553, 556 (N.D.Tex.2003) (*citing WNS, Inc. v. Farrow,* 884 F.2d 200, 203 (5th Cir.1989)).

"The Court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Stuart*, 772 F.2d at 1192; *Mello Hielo Ice, Ltd. v. Ice Cold Vending LLC,* 4:11-CV-629-A, 2012 WL 104980 (N.D. Tex. Jan. 11, 2012). Uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in favor of the plaintiff. *Am. Univ. Sys., Inc. v. Am. Univ.*, 3:11-CV-282-L, 2012 WL 847035 (N.D. Tex. Mar. 13, 2012) (citing *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir.1990)). After the plaintiff makes a prima facie case, the burden then shifts to the defendant  to present "a compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

B.      *Analysis*

Plaintiff fails to allege personal jurisdiction over Defendant. The only statement Plaintiff makes in his complaint regarding jurisdiction pertains to subject matter jurisdiction. The Court relies on the facts alleged by Defendant to decide whether Defendant's activities in the forum state of Texas allow the Court to exercise personal jurisdiction over Defendant. As explained below, the Court concludes that it may not exercise personal jurisdiction over Defendant through either general or specific jurisdiction. *See J. McIntyre Mach., Ltd.* 131 S. Ct. at 2787; *see also Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984).

The facts alleged by Plaintiff and evidence presented by Defendant do not support a finding that Defendant's activities in the State of Texas are "continuous and systematic" so as to allow the

3

Court to exercise general jurisdiction over Defendant. *See J. McIntyre Mach., Ltd.* 131 S. Ct. at 2787. Defendant's activities in the State of Texas are nonexistent. Moss Trucking hauls and transports rocks and asphalt exclusively within the State of Oklahoma. Its only office is located in Purcell, Oklahoma and it only transports materials within a 100 mile radius of Purcell. Moss Trucking is not licensed to do business in Texas, does not own property in Texas, does not have an agent for service in Texas, does not offer its services in Texas, does not maintain an office or physical presence in Texas, has no employees in Texas, and does not conduct any business in Texas. Because Plaintiff does not offer any facts to the contrary, the Court finds that it does not have general jurisdiction over Defendant.

The facts alleged by Plaintiff and evidence presented by Defendant also do not support a finding that Defendant purposefully directed activities to the State of Texas and that the claim arose out of those activities so as to allow the Court to exercise specific jurisdiction over Defendant. *See Helicopteros Nacionales de Colombia.,* 466 U.S. at 414, *Hanson v. Denclka*, 357 U.S. 235, 253 (1958).[1] "Specific jurisdiction is appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994) (citing *Helicopteros Nacionales de Colombia,* 466 U.S. at 414 n.8); *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990)). Based on the allegations in the complaint, the alleged incident forming the basis of this lawsuit occurred on May 27, 2010 "on state highway 9 in the State of Oklahoma." Moreover, as outlined above, Moss Trucking has never conducted any business in Texas; has never performed sales, maintenance, services or repairs of any trucks in Texas; does not offer its services in Texas; and does not engage in any advertising or marketing in Texas. Because

---

[1] *Id.* (quoting *Wilson*, 20 F.3d at 647).

Plaintiff does not offer any facts to establish Moss Trucking purposefully availed itself of the laws of Texas, the Court finds it does not have specific jurisdiction over Defendant.

## II.    Motion to Dismiss for Insufficient Service

### A.    Legal Standard

Defendant moves for dismissal for insufficient service of process.  Under Federal Rule of Civil Procedure 4(e)(2), a plaintiff may serve an individual in a judicial district of the United States (1) by delivering a copy of the summons and complaint to the individual personally, (2) by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or (3) by delivering a copy of the summons or complaint to an agent authorized by appointment or by law to receive service of process. FED.R.CIV.P. 4(e)(2). Additionally, the Rule provides that an individual may be served pursuant to the law of the state where the district court is located or the state where service is made. FED.R.CIV.P. 4(e)(1). Under Texas Rule of Civil Procedure 106(a), service may be made (1) by delivering a copy of the complaint and summons to the individual in person or (2) by mailing the complaint and summons to the individual via certified or registered mail. TEX. R. CIV. P. 106(a).

Under Federal Rule 4(h)(1), a plaintiff may serve a corporation in a judicial district of the United States in the manner prescribed by Rule 4(e)(1) for serving an individual or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant. FED.R.CIV.P. 4(h)(1).

If service of process is challenged as defective, the party responsible for serving has the

5

burden to show that the service was valid. *Sys. Signs Supplies v. Dep't of Justice*, 903 F.2d 1011,

1013 (5th Cir. 1990).  In making this determination, the Court can look outside of the complaint to

determine what steps, if any, Plaintiff took to effect service. *Morris v. Liberty Mut. Ins. Co.,* No. 08-

4247, 2009 WL 1941203 *1 (E.D.La. July 7, 2009).

　　　Defendant moves to dismiss under both Federal Rule of Civil Procedure 12(b)(4) and

12(b)(5).  Rules 12(b)(4) and 12(b)(5) concern the form of the process and the mode or manner of

service.  A Rule 12(b)(5) motion deals with "the mode of delivery or the lack of delivery of the

summons and complaint." Wright & Miller, supra, § 1353.  In contrast, Rule 12(b)(4) allows a

defendant to attack "the form of the process rather than the manner or method of its service." *Gartin*

*v. Par Pharm. Cos*., 289 F. App'x 688, 692 n. 3 (5th Cir. 2008) (quoting 5B Charles Alan Wright &

Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. Supp. 2010)).  In other words, "a

Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b)

or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the

summons." Wright & Miller, supra, § 1353.

　　　*B.　　Analysis*

　　　As noted above, Defendant moves to dismiss Plaintiff's complaint on the ground that service

was defective.  The clerk of this Court issued a summons on January 25, 2012 directed to "Mike

Moss Trucking Inc.," and listing "Mike Moss" as the registered agent.  Subsequently, Plaintiff filed

an Acknowledgment of Service with this Court that contained an "Affidavit of Service"signed by

Chandra L. Warner in which she stated that she served "Michael Moss" as Registered Agent of Moss

Trucking, Inc. on February 24, 2012. Defendant responded with an affidavit from Jason Moss in

which he states that Ms. Warner served him rather than his, father, Michael Moss. According to

6

Jason Moss, Ms. Warner approached him while he was standing outside the home of his mother, Mary Moss. He states that Ms. Warner informed him that she was looking for Michael Moss and that he informed her that Michael Moss was deceased. He then claims Ms. Warner handed him the summons without a copy of the complaint attached. Mary Moss and Jason Moss also claim in their affidavits that Moss Trucking no longer exists as a corporation, but rather is a sole proprietorship of which Mary Moss is the sole proprietor.

The Court finds that service of process was improper under Rule 12(b)(5). First, although the parties dispute whether Moss Trucking is a corporation or whether it is a sole proprietorship, service was not properly effectuated in either event. Defendant provided the Court with an affidavit from Mary Moss in which she states that she is the sole proprietor of Moss Trucking, a non-incorporated company located in Purcell, Oklahoma. Plaintiff has not provided any evidence to dispute Mary Moss's affidavit. Under Texas law "a sole proprietorship has a legal existence only in the identity of the sole proprietor," *Ideal Lease Serv., Inc. v. Amoco Prod. Co., Inc.*, 662 S.W.2d 951, 952 (Tex. 1983)[2], and therefore service of process must accord with standards of service for individuals. *See Anderson v. Good Shepherd Hosp., Inc.*, No. CV 2:09-CV-112, 2011 U.S. Dist. LEXIS 23457, at *7 (E.D. Tex. March 8, 2011) ("Because Manziel Law Offices is a sole proprietorship, service must be made on its sole proprietor[.]"). The Court therefore looks to the Federal Rule of Civil Procedure 4(e) regarding service of an individual to determine whether Moss

---

[2]*See also CA Partners v. Spears*, 274 S.W.3d 51, 62 n.6 (Tex.App.—Houston [14th Dist.] 2008, pet. denied) ("Texas law regards the sole proprietor and the sole proprietorship as one and the same person."); *CU Lloyd's v. Hatfield*, 126 S.W.3d 679, 686 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) ("If an owner chooses to do business as a sole proprietorship, the owner should not be surprised that the law treats the owner and the business as one and the same person.").

Trucking was properly served. *See* Fed. R. Civ. P. 4(e)

The Court has reviewed the "Acknowledgment of Service" provided by Plaintiff and the affidavits provided by Defendant, and concludes that Mary Moss has never been served in this action. Moreover, Mary Moss stated in her affidavit that she did not waive service pursuant to Federal Rule 4(d). *See* Fed. R. Civ. P. 4(d), *see generally* Tex. R. Civ. P. 106. Service may have been attempted on Mary Moss by delivering the summons to her son, Jason Moss, who was standing outside her home when the process server arrived. However, Federal Rule 4(e)(2)(B) only allows Plaintiff to leave the summons at an individual's dwelling with someone of suitable age and discretion who resides there. *See Anderson v. Good Shepherd Hosp., Inc.*, CV 2:09-CV-112 TJW, 2011 WL 846091 (E.D. Tex. Mar. 8, 2011), Fed. R. Civ. P. 4(e)(2)(B). There is no evidence that Jason Moss resides at his mother's home. Moreover, although Texas Rule 106(b)(1) allows Plaintiff to motion the Court for permission to serve someone other than Defendant, Plaintiff did not seek the Court's approval before serving Jason Moss. Service of process was therefore also deficient under Texas law.

Additionally, even if Moss Trucking is a corporation as Plaintiff alleges in his complaint, service was still not proper. Both the Texas and Federal Rules require that Plaintiff serve individuals who are authorized to accept service of process on behalf of the corporation. Fed. R. Civ. P. 4(h)(1); Tex. Bus. Orgs. Code § 5.255. Under the Federal Rules, service of process upon a corporation must be made upon an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1). Similarly, Texas rules allow service of process on a corporation's registered agent, president, or vice president. *Allison v. Raytheon*, 4:10CV438, 2010 U.S. Dist. LEXIS 139086 (E.D. Tex. Dec. 17, 2010) *report and*

*recommendation adopted*, 4:10CV438, 2011 U.S. Dist. LEXIS 1507 (E.D. Tex. Jan. 6, 2011); Tex. Bus. Orgs. Code §§ 5.201, 5.255(1). Jason Moss is not authorized to accept service of process on behalf of Moss Trucking, Inc. Jason Moss has no affiliation with Moss Trucking, Inc. and is not its registered agent.[3] Service was therefore not properly effected under either the Federal or Texas rules for serving a corporation.

Service of process also was deficient under Rule 12(b)(5) because Plaintiff failed to attach the complaint to the summons. *See Cockerham v. Rose*, Civ. No. 3:11-CV-277-B, 2011 U.S. Dist. LEXIS 42819, at *3-4 n.1 (N.D. Tex. April 18, 2011) ("[F]ailure to attach a complaint to the summons implicates a service deficiency under Rule 12(b)(5)."). The Texas and Federal Rules require Plaintiff to serve Defendant with a summons and a copy of the complaint. See Fed. R. Civ. P. 4(c)(1), Tex. R. Civ. P. 106(a). In his affidavit, Jason Moss states he received summons without a copy of the complaint attached. Plaintiff has not provided the Court with any documentation that a copy of the complaint, was, in fact, delivered with the summons. The Court therefore concludes that service of process was deficient for failure to include a copy of the complaint.

Defendant next argues that service was defective under Rule 12(b)(4) because the summons did not properly name the party being served. The Fifth Circuit has noted that "where the alleged defect is that the defendant is misnamed in the summons, the form of process could be challenged under Rule 12(b)(4) on the theory that the summons does not properly contain the names of the

---

[3]The Court notes that in his complaint, Plaintiff states that Moss Trucking, Inc. may be served through its agent, Greg E. Moss. However, Plaintiff does not allege that Greg E. Moss was actually served.

parties." *Gartin v. Par Pharm. Cos*., 289 Fed. Appx. 688, 691 n.3 (5th Cir. 2008).[4]  The summons

issued in this case was directed to "Mike Moss Trucking Inc., Registered Agent: Mike Moss, 1211

N. 8th, Purcell, Oklahoma 73080."  The "Acknowledgment of Service" filed in this case states that

Plaintiff served Michael Moss as registered agent.  The affidavits of Mary Moss and Jason Moss

state that Mike Moss Trucking is a dissolved corporation and Mike Moss, its former registered agent,

has been deceased since 2008.  Plaintiff has failed to provide any evidence to the contrary.  The

Court therefore concludes that the summons misnamed the parties to be served and that process was

defective under Rule 12(b)(4).

## III.    Motion to Dismiss for Lack of Proper Venue

### A.    *Legal Standard*

Federal Rule of Civil Procedure 12(b)(3) requires the Court to dismiss a claim if the venue

is not proper. FED. R. CIV. P. 12(b)(3). Under 28 U.S.C. § 1391(b), venue is proper in (1) a judicial

district in which any defendant resides, if all defendants are residents of the State in which the

district is located; (2) a judicial district in which a substantial part of the events or omissions giving

rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

or (3) if there is no district in which an action may otherwise be brought as provided in this section,

any judicial district in which any defendant is subject to the court's personal jurisdiction with respect

---

[4]*See also Shivers v. Akima Intra-Data*, 2008 U.S. Dist. LEXIS 66788 ("Although the distinction between Rule 12(b)(4) and 12(b)(5) motions is easy to state, the line between them becomes blurred when the alleged defect is that the defendant either is misnamed in the summons or has ceased to exist."); *Mitchell v. Potter*, Civ. No. 05-5191, 2007 U.S. Dist. LEXIS 26259 (D. Ark., April 9, 2007) ("The only Summons issued in this case identified the defendant as the U.S. Postal Service, rather than John E. Potter, Postmaster General, U.S. Postal Service. It was directed to the U.S. Postal Service, not to Potter. Thus both the Summons itself, and the service thereof, were defective, and could not serve to bring Potter before the Court.")

to such action. 28 U.S.C. § 1391(b). The burden is on Plaintiff to present facts that, taken as true, establish venue. *Optimum Return LLC v. CyberKatz Consulting, Inc.,* No. 3:03-CV-1064-D, 2004 WL 827835, at *4 (N.D.Tex. March 26, 2004) (citing *Laserdynamics, Inc. v. Acer America Corporation,* 209 F.R.D. 388, 390 (S.D.Tex.2002)). The Court may look outside of the complaint and its attachments and review the complaint supplemented by the undisputed facts evidenced in the record or by undisputed facts plus the Court's resolution of disputed facts. *Ambraco, Inc. v. Bossclip B.V.,* 570 F.3d 233, 238 (5th Cir.2009).

      *B.*     *Analysis*

      Plaintiff does not allege any facts which establish the Western District of Texas as the proper venue for resolving the case in this matter. None of the defendants reside in the Western District of Texas nor is Moss Trucking subject to personal jurisdiction in the State of Texas. Plaintiff's complaint is also predicated on an automobile accident occurring on state highway 9 in Oklahoma. The Court therefore concludes that a substantial part of the events giving rise to this claim occurred in Oklahoma and not in the Western District of Texas. Because Plaintiff has failed to demonstrate to the Court that the defendants  reside in the Western District, that the defendants  are subject to personal jurisdiction in  the Western District of Texas, or that substantial part of the events giving rise to the claim occurred in the Western District of Texas, the Court finds the Plaintiff has not met its burden for establishing the Western District as the proper venue. *See* 28 U.S.C. § 1391.

## Conclusion

      Plaintiff has failed to meet its burden in establishing that the Western District of Texas has personal jurisdiction over Defendant, that Defendant was properly served a summons with a copy of the complaint, and that the Western District of Texas is the proper venue for resolving the case

in this matter. Defendant's motion to dismiss (docket no. 9) is therefore GRANTED and Plaintiff's

Motion for Default Judgment (docket no. 7) as to Moss Trucking is DISMISSED as moot.  The

clerk's office is instructed to close this case.

It is so ORDERED.

SIGNED this 14th day of June, 2012.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE