**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| CHARLES ROBERTS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-11-CV-1119-XR |
| | § | |
| RANDALL HARTMAN and MOSS TRUCKING, | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

On this day the Court considered Plaintiff's motion to reopen the case or in the alternative to reconsider dismissal (Doc. No. 16). For the following reasons, the Court GRANTS the motion and TRANSFERS this case to the Western District of Oklahoma.

**I. Background**

**A. Factual Background**

This lawsuit arises out of an automobile collision that occurred on May 27, 2010. Plaintiff Charles Roberts alleges that he was traveling, as a passenger, eastbound on state highway 9 in Oklahoma when he was stuck from behind by a vehicle allegedly owned by Defendant Moss Trucking, a company that hauls and transports rocks and asphalt within the State of Oklahoma, and driven by Defendant Randall Hartman, a former driver for Defendant Moss Trucking. Plaintiff alleges that he suffered physical pain and mental anguish, physical impairment, loss of wages, loss of earning capacity, and medical expenses as a direct and proximate result of Defendants' negligence. Plaintiff claims damages in excess of $75,000.

**B. Procedural Background**

Plaintiff filed his complaint in this Court on December 27, 2011. Defendants each subsequently filed motions to dismiss pursuant to Rules 12(b)(2) through 12(b)(6).[1] Plaintiff did not file a response to either motion.

The Court granted both motions to dismiss after finding that Plaintiff had failed to meet his burden of establishing that the Western District of Texas had personal jurisdiction over Defendants and that the Western District of Texas was the proper venue. (*See* Doc. Nos. 13 and 14.)[2]

Plaintiff filed this motion to reopen the case or in the alternative to reconsider dismissal on July 13, 2012. Plaintiff alleges that he failed to respond to Defendants' motions to dismiss because his counsel, Oscar Cantu, did not receive the email notifications that the motions to dismiss had been filed.[3] Defendants oppose the motion, arguing that the Court has already properly disposed of all the issues and that Plaintiff's failure to timely file a response to the motions is not excusable because Plaintiff's two other attorneys were registered with CM/ECF and were notified by the Court of Defendants' motions.

---

[1] Defendant Hartman filed a motion to dismiss pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6). (*See* Doc. No. 8.) Defendant Moss Trucking filed a motion to dismiss pursuant to Rules 12(b)(2) through 12(b)(6). (*See* Doc. No. 9.)

[2] The Court also found that Plaintiff had failed to establish that Defendant Moss Trucking was properly served a summons with a copy of the complaint. (Doc. No. 13, p. 11.)

[3] Plaintiff's counsel claims that after a diligent search of his email records, he ultimately found the email notice in his "deleted folder and spam folder." (Pl.'s Ex. 1, Aff. of Oscar Cantu.)

## II. Analysis

### A. Plaintiff's Motion to Reopen or Alternative Motion to Reconsider Dismissal

Depending on when it is filed, a motion for reconsideration can be construed as "either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). A motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e). Thus, because Plaintiff filed his motion to reopen or reconsider 29 days after final judgment was entered in this case,[4] Plaintiff's motion will be construed as a motion under Rule 60(b) rather than as a motion under Rule 59(e).

Pursuant to Rule 60(b), a court may relieve a party from a final judgment for a "reason that justifies relief." FED. R. CIV. P. 60(b)(6). A movant seeking relief under Rule 60(b)(6) must "show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). Nevertheless, the Fifth Circuit has held that Rule 60(b) "should be liberally construed in order to do substantial justice." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981) (citations omitted). "[A]lthough the desideratum of finality is an important goal, the justice-function of the courts demands that it must yield, in appropriate circumstances, to the equities of the particular case in order that the judgment might reflect the true merits of the cause." *Id.* Rule 60(b) should be "liberally construed in favor of trial on the full merits of the case." *Id.* at 403.

---

[4] The Clerk entered judgment in this case on June 14, 2012. (Doc. No. 15.) Plaintiff filed this motion to reopen or reconsider on July 13, 2012.

This case presents a circumstance where relief under Rule 60(b) is justified. Plaintiff's claims in this case arise out of a collision that occurred in May 2010, and both Texas and Oklahoma have a two-year limitations period for personal injury claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); 12 OKL. ST. ANN. tit. 12, § 95. Thus, although Plaintiff filed his lawsuit in this Court within two years of the collision, his claims would now likely be time-barred if he were forced to re-file his lawsuit.

The Court fully realizes the importance of finality, and the Court also recognizes that Plaintiff should have timely filed responses to Defendants' motions to dismiss. Counsel's failure to see the email notifications is not excusable, and the Court admonishes him to properly manage his email account and communicate with co-counsel in the future to avoid similar problems. Nonetheless, Plaintiff should not be denied relief solely because of an administrative mishap, especially when counsel took steps to rectify the problem within a month after the entry of judgment.[5]

Moreover, relief is particularly warranted in this case because Plaintiff's claims were never considered on the merits. Rather, this Court dismissed Plaintiff's claims for lack of personal jurisdiction, improper service, and improper venue; no evidence or legal argument pertaining to the merits of the case were considered.

Thus, after balancing the importance of finality with the justice-function of the courts, the Court finds that Plaintiff should be granted relief from final judgment under Rule 60(b). Accordingly, the Court vacates the Clerk's entry of judgment and reopens the case.

---

[5] Rule 60(c) requires that a motion be made "within a reasonable time." The Court finds that the "reasonable time" requirement is satisfied here because Plaintiff filed his motion to reopen or reconsider just 29 days after the entry of final judgment.

**1. Venue**

Although the Court has granted Plaintiff relief by reopening the case, venue in the Western District of Texas is nonetheless improper because Defendants do not reside in Texas and because a substantial part of the events giving rise to Plaintiff's claim did not occur here.[6]

If a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

As explained above, Plaintiff's claims would likely be time-barred if he were forced to re-file his lawsuit in another district. Thus, the Court finds that it is in the interest of justice to transfer this case to a proper district rather than to dismiss the action. Because both Defendants in this case reside in the Western District of Oklahoma,[7] this case could have properly been brought in that district. *See* 28 U.S.C. § 1391(b) ("A civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."). Accordingly, the Court finds that this case should be transferred to the Western District of Oklahoma.

### III. Conclusion

After balancing the importance of finality with the justice-function of the courts, the Court finds that justice in this case requires that Plaintiff be afforded relief from judgment under Rule 60(b). Accordingly, Plaintiff's motion to reopen or alternative motion to reconsider

---

[6] (*See* Doc. Nos. 13 and 14.)

[7] Both parties agree that Defendant Hartman is an individual residing in the Western District of Oklahoma. (*See* Pl.'s Compl. 1; Def. Hartman's Mot. Dismiss ¶¶ 3, 19; Def. Moss Trucking's Mot. Dismiss ¶¶ 3, 24.) While the parties apparently dispute whether Defendant Moss Trucking is a corporation or whether it is a sole proprietorship, it appears undisputed that Defendant Moss Trucking resides, for diversity purposes, in the Western District of Oklahoma. (*See* Pl.'s Compl. 1; Def. Hartman's Mot. Dismiss ¶¶ 2, 19; Def. Moss Trucking's Mot. Dismiss ¶¶ 2, 24.)

dismissal (Doc. No. 16) is GRANTED. The Clerk's judgment entered on June 14, 2012 (Doc. No. 15) is therefore VACATED.

Because venue is improper in the Western District of Texas, and because Plaintiff's claims would likely be time-barred if he re-filed his lawsuit in another district, the Court finds that it is in the interest of justice to transfer this case to a proper district rather than to dismiss the action. Accordingly, the Court hereby TRANSFERS this case to the Western District of Oklahoma.

It is so ORDERED.

SIGNED this 13th day of November, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE